UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In Re:                                                    Chapter 12 Case

Craig William Schwab,                                     Case No. 21-30204
                    Debtor.

---

**CHAPTER 12 PLAN**

---

**ARTICLE I**
SUMMARY OF THE PLAN

This plan shall continue for a period of 60 months from its effective date. The property of the Debtor is being valued, and the claim of each secured creditor is being treated as secured in the amount of the value of the property securing such claim. Costs of administration are being paid on the effective date of the plan unless otherwise agreed to or directed by the Court. Priority claims are being paid in full as allowed. The Debtor will pay the Trustee no less than all disposable income, as that term is defined in 11 U.S. C. Section 1225, for Trustee administration and distribution to unsecured creditors. The deficiency claims of all secured creditors will be treated as unsecured claims unless otherwise ordered by the Court.

**ARTICLE II**
DEFINITIONS

1.      "Creditors" means all entities having a claim against the debtor.

2.      "Secured Creditor" means a creditor with a lien or security interest in property of the
        debtor.

3.      "Claim" means a debt that is owed by the Debtor.

4.      "Effective Date" means the date on which this plan is signed by all relevant parties.

5.      "Trustee" means the Chapter 12 Trustee.


**ARTICLE III**
CLASSIFICATION OF CLAIMS

CLASS 1      Costs of Administration

CLASS 2      Secured Claims

    A.  United Prairie Bank – Real Property and Equipment

    B.  United Prairied Bank – Contract for Deed

1

C. Ally Auto – 2015 Chevy Tahoe

D. The Huntington National Bank – 2015 Ford Taurus

E. Nicollet County Treasurer – Real Property

F. Central Region Cooperative - Crops

CLASS 3      Priority Unsecured Claims

CLASS 4      General Unsecured Claims

CLASS 5      Executory Contracts and Leases

## ARTICLE IV
TREATMENT OF CLAIMS AND INTEREST

CLASS 1 - Costs of Administration

Class 1 includes compensation and expenses of professionals and court costs and all expenses incurred by the Debtor after the filing of their petition and before the entry of the order of confirmation and expenses of professionals and court costs, shall be paid in full on the effective date of the plan. Claims for compensation and expenses of professionals and court costs shall be paid upon approval by the Court and as directed by the Court.

A. Attorney's Fees – Attorney's Fees will be paid after court approval to Debtor's attorneys, Stermer & Sellner, Chtd., 102 Parkway Drive, P.O. Box 514, Montevideo, MN 56265.

B. Trustee's Fees - The Chapter 12 Trustee shall make application to the Court for approval of Trustee's fee and for any reasonable and necessary expenses of the Trustee in effectuating the Trustee's duties under the Bankruptcy Code in administering this case. The Debtor shall pay an amount equal to five percent (5%) of all payments disbursed by the Chapter 12 Trustee as an estimated payment and the Trustee shall hold the fee until the Trustee's fees and expenses are applied for and approved by the Court. Once the Trustee's fees are approved, the Trustee shall pay them. If there are excess funds in the account at the end of the case, the money shall be paid to the unsecured creditors and any excess after paying the unsecured creditors shall be paid to the debtor, unless otherwise ordered by the Court. **All payments shall be made through the Chapter 12 Trustee unless otherwise stated herein**. **Creditors shall only accept direct payments from the debtor if specified in the Plan.**

CLASS 2 – Secured Claims

Class 1 consists of the following secured claims:

**A. United Prairie Bank**

The Debtor owes United Prairie Bank ("UPB") approximately $1,923,905.95, which is secured by Debtor's real property, 2020 crops and their proceeds, and Debtor's equipment. This debt is under secured

and shall be crammed down separated into two loans as discussed below.

Real Estate Loan

Debtor scheduled the real estate with a value of $1,430,000.00. UPB had the property appraised on November 6, 2020. The appraised value of the real property was $1,418,500.00. $1,430,000.00 shall be refinanced into one loan secured by Debtor's real estate. Interest will accrue on this the new principal balance at a rate of 4.00% per annum. Principal and interest will be amortized for a 30-year term, with a balloon payment due in five years after the completion of the Chapter 12 Plan. Payments shall be $6,850.00 per month once the Chapter 12 Plan has been confirmed. Principal and interest will be fully amortized by way of equal payments, with the exception of the balloon payment. Payments to UPB will be by an assignment of Debtor's monthly custom pig feeding checks payable to UPB. UPB must release any excess funds to Debtor, so that the Debtor may pay operating and living expenses.

Equipment Loan

Following the sale of the Debtors equipment, Debtor's remaining equipment has an estimated value of $30,500.00. $30,5000.00 shall be refinanced into one loan secured by Debtor's remaining equipment. Interest will accrue on this the new principal balance at a rate of 5.00% per annum. Principal and interest will be amortized for a 7-year term. Payments shall be $450.00 per month once the Chapter 12 Plan has been confirmed. Principal and interest will be fully amortized by way of equal payments. Payments to UPB will be by an assignment of Debtor's monthly custom pig feeding checks payable to UPB. UPB must release any excess funds to Debtor, so that the Debtor may pay operating and living expenses.

**B. United Prairie Bank – Contract for Deed**

The Debtor owes UPB approximately $47,159.00 for a vendee's interest on a contract for deed regarding real property with a street address of 65355 340th Street, Gibbon, MN 55335. This debt is fully secured. Interest will accrue on this balance at a rate of 5.00% per annum. Principal and interest will be amortized for a 10-year term. Payments shall be $550.00 per month once the Chapter 12 Plan has been confirmed. Principal and interest will be fully amortized by way of equal payments, with the exception of the balloon payment.

**C. Ally Bank**

The Debtor owes The Huntington National Bank approximately $4,756.55, which is secured by 2015 Chevrolet Tahoe, VIN: 1GNSKBKC5FR299048. This debt is fully secured. Debtors will continue to make payments pursuant to the original loan agreement with Ally Bank outside of the plan.

**D. The Huntington National Bank**

The Debtor owes The Huntington National Bank approximately $3,559.77, which is secured by

2015 Ford Taurus, VIN: 1FAHP2E81FG118086.  This debt is fully secured.  Debtors will continue to make payments pursuant to the original loan agreement with The Huntington National Bank outside of the plan.

### E.  Nicollet County Treasurer

The Debtor owes Nicollet County Treasurer approximately $7,546.81 for property taxes.  This debt is fully secured.  Debtor has made arrangements with the Nicollet County Treasurer to pay these taxes outside of the plan.

### F.  Central Region Cooperative

The Debtor owes Central Region Cooperative ("CRC") approximately $23,801.33.  CRC has a lien on Debtor's farm products, crops, and government agricultural program payments related to those crops.  This lien was perfected by the filing of a UCC1 on December 8, 2020.  This lien is behind any interest UPB may have in the same property as described above.  There is no equity after applying UPB's debt and therefore CRC claims shall be treated as unsecured and shall be entitled to receive its pro-rata share of payments made under CLASS 4 pursuant to a timely filed or amended claim.

<u>CLASS 3 – Priority Unsecured Claims</u>
Class 3 consists of all claims entitled to priority under § 507, including the following:

A.  None

<u>CLASS 4 – Unsecured Claims</u>

Class 4 consists of general unsecured claims, claims of all unsecured creditors which are as a result of damages arising as a result of the rejection of unexpired leases and/or executory  agreements, claims resulting from the value of a secured claim being of a value less than the security held against held claim, and/or those secured creditors whose claims are determined to  be unsecured, claims of all accommodation parties and co-makers or loans of which the Debtor  is the principal, and claims for taxes and penalties which are not included in any other Class.

Debtors will pay allowed unsecured claims, in the total approximate amount of $42,750.00, over the five-year term of the plan.  The Debtors shall pay the unsecured creditors at least an amount equal to the amount required in the liquidation analysis set forth in Exhibit A.  Debtors' shall pay Trustee $9,000.00 per year over the course of the plan for a total amount of $45,000.00.  Payments shall be made by June 30 of each year or earlier.

| 2022 Total Payment to Trustee | $9,000.00 |
| --- | --- |
| | |
| Trustee Fees | $450.00 |
| Unsecured Creditors | $8,550.00 |

| 2023 Total Payment to Trustee | $9,000.00 |
|---|---|
| | |
| Trustee Fees | $450.00 |
| Unsecured Creditors | $8,550.00 |

| 2025 Total Payment to Trustee | $9,000.00 |
|---|---|
| | |
| Trustee Fees | $450.00 |
| Attorney's Fees | $8,550.00 |

| 2026 Total Payment to Trustee | $9,000.00 |
|---|---|
| | |
| Trustee Fees | $450.00 |
| Attorney's Fees | $8,550.00 |

| 2027 Total Payment to Trustee | $9,000.00 |
|---|---|
| | |
| Trustee Fees | $450.00 |
| Attorney's Fees | $8,550.00 |

CLASS 5 – Executory Contracts and Leases

Class 5 consists of executory contracts and leases existing as of the date of filing. All such executory contracts and leases are rejected unless specifically assumed in this section. The debtor assumes the following executory contracts and leases:

   A.  None

**ARTICLE V**
CONTINUATION OF FARMING OPERATION

The Debtor propose to continue their farm operation as a hog feeding operation, with no further grain operation.  Debtor shall defer from the income and proceeds of said operation sums of money for reasonable and necessary farm expenditures.  Such expenses would include the ordinary, reasonable expenses that are set forth in the exhibits attached hereto, including payments to creditors outside of the plan and reasonable capital improvements, including machinery, equipment, and livestock.  Debtor's projections of income, operating expenses, and payments are attached as Exhibit B.

The However, it is understood that any significant purchases that require new debt to be incurred will need court approval.  As part of the continuing farm operation, Debtor shall submit operating reports and bank statements on a monthly basis to the Chapter 12 Trustee.  All disposable income as defined by 11 U.S.C § 1225(b)(2) received during the term of the plan will be applied to make payments under the plan.

## ARTICLE VI
### LIVING EXPENSES

Debtors projection of living expenses is $48,000 per year starting in 2021. Debtor's living expenses will primarily be paid by Debtors' off-farm income.   The Debtor shall limit their annual withdrawals for living expenses to said amount, unless said amount is modified by Court Order. The Court shall retain authority and jurisdiction to modify said allowance upon application of a party in interest.

## ARTICLE VII
### DISPOSABLE INCOME

The Debtors' projections of gross income, operating expenses, living expenses and plan payments indicate that he may have disposable income annually in the approximate amount of **$9,300.00**. For the term of this Plan, all of the Debtor's disposable income, regardless of the amount, will be paid to the Trustee for payment of cost of administration and distribution to unsecured creditors. All disposable income (future earnings not necessary for the continuation, preservation and operation of the farm and for the maintenance or support of the Debtor and his dependents) for 5 years following the effective date, shall be submitted to the Trustee  for distribution. All creditors with Class 4 – General Unsecured Claims shall be paid a pro rata share of disposable income after administrative and priority claims have been paid.

## ARTICLE VIII
### LIQUIDATION ANALYSIS

After deducting the amounts of the secured claims, exemptions, liquidation costs the Debtors' believe net equity in his property is $37,586.00.  General and priority unsecured creditors (but not including attorney's fees) will receive no less than $45,000.00 over the life of the Plan.  The  Liquidation Analysis is attached as Exhibit A.

## ARTICLE IX
### POST-PETITION GOVERNMENT TAX CLAIMS

Pursuant to 11 U.S.C. §1232(a), the claims of the IRS and the Minnesota Department of Revenue arising after the filing of the petition in this case and prior to the discharge as a result of the sale, transfer, exchange, or other disposition of property used in Debtor's farming operation shall be discharged and treated as unsecured claims arising before the date of filing and are not entitled to priority, i.e. part of Class 4.  If the Debtor files a tax return for a period for which such a claim arises, the Debtor shall prepare and service a notice of the claim on the IRS and the Minnesota Department of Revenue in accordance with 11 U.S.C. § 1232(d)(2) and to the extent that the IRS, Minnesota Department of Revenue, or the trustee timely files a proof of claim pursuant to 11 U.S.C. § 1232(d)(3), the trustee shall pay the IRS and the Minnesota

Department of Revenue as general unsecured creditors.

## ARTICLE X
### EXECUTION OF PLAN AND CASH FLOW ANALYSIS

The debtor proposes to continue their farming operations and make the plan payments out of farm or other income. The debtor's projection of income, operating expenses, and plan payments are attached as Exhibit B.

## ARTICLE XI
### RETENTION OF LIENS AND INCORPORATION OF DOCUMENTS

All creditors whose claims are treated as secured in this Plan shall retain his liens on the collateral securing their respective claims as specified in the Plan and until such claims are paid in full in the amount allowed as secured. Except as modified by the terms of this Plan, all documents evidencing indebtedness and security in favor of said secured creditors remain the same and are incorporated herein by reference as if more fully set out in this plan. This Plan and the Order confirming the Plan may be recorded in the Office of the Register of Deeds of each county.

## ARTICLE XI
### GENERAL PROVISIONS

1. The Court shall retain jurisdiction over the Debtor and his property for the term of the Plan.

2. As part of the continuing farm operation, the Debtor shall submit operating reports and bank statements on a monthly basis to the Chapter 12 Trustee. The Debtor shall provide the Chapter 12 Trustee copies of tax returns annually once filed.

Dated: May 5, 2021                    STERMER & SELLNER, CHTD.

_Krystal M Lynne_
Krystal M. Lynne
Attorney ID #0392816
Attorney for Debtor
102 Parkway Drive, P.O. Box
514 Montevideo, MN 56265
Telephone: (320) 269-6491 Fax:
(320) 269-5433
E-mail: klynne@stermerlaw.com

Dated: May 5, 2021                    _____

Craig William Schwab

7

# EXHIBT A
# LIQUIDATION ANALYSIS

## CRAIG SCHWAB

| Asset | Value | Lien | 2nd Lien | Exemption | NE Value |
|---|---|---|---|---|---|
| Real Property | | | | | |
| Property ID 13.005.1200 | $1,000,000.00 | UPB - $1,000,000 | | $1.00 | $0.00 |
| Property ID 21.3113.000 | $300,000.00 | UPB - $300,000.00 | | | $0.00 |
| Property ID 13.005.0400 | $130,000.00 | UPB - $52,000.00 | | | $39,000.00 |
| | | | | | |
| Chattel | | | | | |
| John Deere 724X | $4,000.00 | UPB - $4,000.00 | | | $0.00 |
| Equipment | $103,500.00 | UPB - $103,500.00 | | $2,525.00 | $0.00 |
| Supplies | $1,550.00 | UPB - $1,550.00 | | | $0.00 |
| | | | | | |
| Vehicles | | | | | |
| 2015 Chevy Tahoe | $10,800.00 | Ally - $4,796.00 | | $9,000.00 | $0.00 |
| 2015 Ford Taurus | $7,500.00 | HNB - $3,614.00 | | | $3,886.00 |
| 2007 Trailer | $3,000.00 | | | $3,000.00 | $0.00 |
| | | | | | |
| Household/Misc. | | | | | |
| Household Goods | $5,000.00 | | | $5,000.00 | $0.00 |
| Electronics | $300.00 | | | $300.00 | $0.00 |
| Misc. Clothing | $200.00 | | | $200.00 | $0.00 |
| Jewelry | $100.00 | | | $100.00 | $0.00 |
| Children's Checking | $34.75 | | | $34.75 | $0.00 |
| Citizens Bank Checking | $1,875.00 | | | $1,875.00 | $0.00 |
| Education IRA | $1,063.06 | | | $1,063.06 | $0.00 |
| 2020 Refunds | $5,000.00 | | | | $5,000.00 |
| Polaris Ranger | $200.00 | UPB - $200.00 | | | $0.00 |
| Guns | $200.00 | | | $200.00 | $0.00 |
| Toy Tractors | $200.00 | | | $200.00 | $0.00 |
| Whole Life Insurance | $991.34 | | | $991.34 | $0.00 |
| 3 Term Life Insurance | $0.00 | | | | $0.00 |
| Syngenta Claim | $3,400.00 | | | $3,400.00 | $0.00 |
| Crop Insurance Claim | $6,000.00 | UPB - $6,000.00 | | | $0.00 |
| Uncashed Checks | $20,000.00 | UPB - $20,000.00 | | | $0.00 |
| Crops | $165,000.00 | UPB - $165,000.00 | | | $0.00 |
| Cash | $50.00 | | | $50.00 | $0.00 |
| | | | | | |
| **Total NE Assets** | | | | | **$47,886.00** |
| Liquidation | | | | | |
| Chapter 7 Trustee Fees | -$5,500.00 | | | | |
| Liquidation Costs | -$4,800.00 | | | | |
| | | | | | **$37,586.00** |

# EXHIBIT B
## CASH FLOW ANALYSIS

**Projected Income**

|  | 2022 | 2023 | 2024 | 2025 | 2026 |
|---|---|---|---|---|---|
| Income Source |  |  |  |  |  |
| Manure Sales | $8,000.00 | $8,000.00 | $8,000.00 | $8,000.00 | $8,000.00 |
| Land Rent | $16,000.00 | $16,000.00 | $16,000.00 | $16,000.00 | $16,000.00 |
| Custom Feeding | $144,000.00 | $144,000.00 | $144,000.00 | $144,000.00 | $144,000.00 |
| Gov. Payments | $6,000.00 | $6,000.00 | $6,000.00 | $6,000.00 | $6,000.00 |
| Non-farm Income | $30,000.00 | $30,000.00 | $30,000.00 | $30,000.00 | $30,000.00 |
| K/D Payments | $6,000.00 | $6,000.00 | $6,000.00 | $6,000.00 | $6,000.00 |
| Total Est. | $210,000.00 | $210,000.00 | $210,000.00 | $210,000.00 | $210,000.00 |

**Estimated Expenses**

| Expense | Amount |  |  |  |  |
|---|---|---|---|---|---|
|  | 2022 | 2023 | 2024 | 2025 | 2026 |
| Fuel | $500.00 | $500.00 | $500.00 | $500.00 | $500.00 |
| Seed | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Feed | $0.0 | $0.0 | $0.0 | $0.0 | $0.0 |
| Fertilizer | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Chemicals | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Equipment Rental | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Electric & Phone Bills | $18,000.00 | $18,000.00 | $18,000.00 | $18,000.00 | $18,000.00 |
| Repairs | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 |
| Crop Insurance | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Other Insurance | $16,800.00 | $16,800.00 | $16,800.00 | $16,800.00 | $16,800.00 |
| Real Estate Taxes | $10,200.00 | $10,2000.00 | $10,200.00 | $10,200.00 | $10,200.00 |
| Cash Rent | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Hired Labor | $1,000.00 | $1,000.00 | $1,000.00 | $1,000.00 | $1,000.00 |
| Machine Hire | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Drying | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Hog Barn – Propane | $6,000.00 | $6,000.00 | $6,000.00 | $6,000.00 | $6,000.00 |
| Misc. | $1,000.00 | $1,000.00 | $1,000.00 | $1,000.00 | $1,000.00 |
|  |  |  |  |  |  |
| UPB Loans | $87,600.00 | $87,600.00 | $87,600.00 | $7,600.00 | $87,600.00 |
| K/D Payments | $6,600.00 | $6,600.00 | $6,600.00 | $6,600.00 | $6,600.00 |
|  |  |  |  |  |  |
| Est. Living Expenses | $48,000.00 | $48,000.00 | $48,000.00 | $48,000.00 | $48,000.00 |
|  |  |  |  |  |  |
| Net Disposable Income | $9,300.00 | $9,300.00 | $9,300.00 | $9,300.00 | $9,300.00 |

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re                                                                    Case No.

**Craig William Schwab**

Debtor(s).

# SIGNATURE DECLARATION

☐ PETITION, SCHEDULES & STATEMENTS
☐ CHAPTER 13 PLAN
☐ VOLUNTARY CONVERSION, SCHEDULES AND STATEMENTS
☐ AMENDMENT TO PETITION, SCHEDULES & STATEMENTS
☐ MODIFIED CHAPTER 13 PLAN
☑ OTHER (PLEASE DESCRIBE: **Chapter 12 Plan**)

I [We], the undersigned debtor(s) or authorized representative of the debtor, make the following declarations under penalty of perjury:

1.  The information I have given my attorney for the electronically filed petition, statements, schedules, amendments, and/or chapter 13 plan, as indicated above, is true and correct;

2.  The Social Security Number or Tax Identification Number I have given to my attorney for entry into the court's Case Management/Electronic Case Filing (CM/ECF) system as a part of the electronic commencement of the above-referenced case is true and correct;

3.  [**individual debtors only**] If no Social Security Number was provided as described in paragraph 2 above, it is because I do not have a Social Security Number;

4.  I consent to my attorney electronically filing with the United States Bankruptcy Court my petition, statements and schedules, amendments, and/or chapter 13 plan, as indicated above, together with a scanned image of this Signature Declaration;

5.  My electronic signature contained on the documents filed with the Bankruptcy Court has the same effect as if it were my original signature on those documents; and

6.  [**corporate and partnership debtors only**] I have been authorized to file this petition on behalf of the debtor.

Date: **May 5, 2021**

X _____          X _____
Signature of Debtor or Authorized                   Signature of Debtor 2
Representative

**Craig William Schwab**
Printed Name of Debtor 1 or                          Printed Name of Debtor 2
Authorized Representative

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy